IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORTGAGE BANKERS ASSOCIATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HILDA SOLIS, Secretary of Labor; ) <br> NANCY LEPPINK, Acting Wage and Hour Administrator; and ) <br> THE UNITED STATES DEPARTMENT OF LABOR, ) <br> ) <br> Defendants. ) <br> ) | Civ. No. 1:11-cv-73 <br> (RBW) |

**DEFENDANTS' REPLY TO INTERVENORS' MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Date: March 14, 2012

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General
RONALD C. MACHEN, JR.
United States Attorney
FELIX V. BAXTER
Director, Federal Programs Branch
JUDRY L. SUBAR
Assistant Director,
Federal Programs Branch

Of Counsel:

M. PATRICIA SMITH
Solicitor of Labor
JENNIFER S. BRAND
Associate Solicitor
JONATHAN M. KRONHEIM
Counsel for Trial Litigation
RACHEL GOLDBERG
Attorney
U.S. Department of Labor

/s/ Peter D. Leary
PETER D. LEARY
Virginia Bar No. 71196
Trial Attorney, Federal Programs Branch
U.S. Department of Justice, Civil Division
Tel: (202) 514-3313
Fax: (202) 616-8470
E-mail: peter.leary@usdoj.gov
Mailing Address:
Post Office Box 883
Washington, D.C. 20044

Fundamentally, this case presents a single question: whether a Department of Labor (DOL) issuance, the 2010 Administrator's Interpretation (AI), is valid. While intervenors are correct that the 2010 AI – which interprets 2004 regulations dealing with the application of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201-219 – was properly issued, three points in their recent filing warrant brief comment.

First, whether the 2010 AI applies retroactively (as intervenors believe), or should be given controlling deference only prospectively (as defendants submit), need not be answered to resolve this lawsuit. Plaintiff, the Mortgage Bankers Association, has alleged that the 2010 AI was improperly promulgated for two reasons – it argues that DOL was obligated to provide notice and comment before it issued the 2010 AI (which reversed a contrary 2006 interpretation, the 2006 Opinion Letter), and it contends that the 2010 AI conflicts with the 2004 regulations it interprets. While each of these arguments is incorrect as a matter of law as previously set forth by defendants, the retroactivity (or not) of the 2010 AI is irrelevant to both of them.[1] Intervenors concede this point – admitting that it "is not strictly necessary for this Court to resolve the issue of whether the 2010 AI applies only prospectively" – and they "respectfully suggest that the prudent court of action would be for this Court to acknowledge the dispute between Intervenors and the DOL, but explicitly decline to resolve the issue." Intervenors' Mem. in Opp'n to Pls'. Mot. for Summ. J. and in Supp. of Defs'. Mot to Dismiss (Intervenors' Mem.) at 31-32 n.12 (Doc. 30). Defendants agree. Although the 2010 AI should only be given controlling deference prospectively,[2] the question of its retroactive application is simply not before the Court.

---

[1] This irrelevance is why, as this Court previously recognized, "retroactivity is not being addressed by either the plaintiff or the defendants[.]" Feb. 3, 2012 Order (Doc 25) at 8.

[2] "Generally, an agency may not promulgate retroactive rules without express congressional authorization." Arkema Inc. v. EPA, 618 F.3d 1, 7 (D.C. Cir. 2010); see also

Second, intervenors' claim that "regulatory capture" of DOL by the mortgage banking industry drove the drafting and release of the 2006 Opinion Letter is irrelevant to the validity of the 2010 AI.[3]  Regardless of the circumstances surrounding the issuance of the 2006 Opinion Letter – and DOL concedes none of intervenors' allegations – the agency has disavowed the Letter's analysis as well as its conclusion.  The process that led to the 2006 Opinion Letter's issuance simply does not bear on the issues presented here: namely, whether the 2010 AI was properly issued, and whether it is consistent with the regulations it interprets.

---

Bowen v. Georgetown Univ. Hosp., 488 U.S. 204, 208 (1988); Health Ins. Ass'n of America, Inc. v. Shalala, 23 F.3d 412, 423 (D.C. Cir. 1994) ("[I]nterpretive rules, no less than legislative rules, are subject to Georgetown Hospital's ban on retroactivity."). "If a new rule is substantively inconsistent with a prior agency practice and attaches new legal consequences to events completed before its enactment, it operates retroactively." Arkema, 618 F.3d at 7.  The 2010 AI is an interpretive rule that represented a substantive change in DOL's interpretation of its administrative exemption regulations; as such, and in the absence of express congressional authorization permitting a retroactive rule, it is not retroactive.  See, e.g., Bauer v. Varity Dayton-Walther Corp., 118 F.3d 1109, 1111 n.1 (6th Cir. 1997).  Of course, an agency may change an interpretation of its own regulations, and that new interpretation is still entitled to controlling deference as long as the agency explains its change in position and "as long as interpretive changes create no unfair surprise." See Long Island Care at Home Ltd. v. Coke, 551 U.S. 158, 170-71 (2008).  Here, DOL explained its change in position, and the prospective nature of the change means that it created no unfair surprise; accordingly, the 2010 AI is entitled to controlling deference prospectively.

[3] Intervenors' attempt to supplement the administrative record in this regard is also impermissible.  Despite mentioning three situations where supplementation can be appropriate, Intervenors' Mem. at 10 n.4, intervenors do not explain how any of those circumstances is present here.  Indeed, given that the agency action at issue is the publication of the 2010 AI, not the 2006 Opinion Letter, there is no argument that (1) DOL deliberately or negligently excluded documents that may have been adverse to its 2010 decision, (2) the Court needs to supplement the record with background information to determine whether DOL considered all of the relevant factors in drafting and issuing the 2010 AI, or (3) DOL failed to explain its action in 2010 so as to frustrate judicial review.  Because intervenors have "fail[ed] to demonstrate that the record was in any respect inadequate as a basis for district court review of the Government's decision[]," the Court should "limit[] its review to the administrative record presented by the agency." James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1096 (D.C. Cir. 1996).

Third, DOL does not endorse intervenors' position that "[i]f this Court concludes the Paralyzed Veterans doctrine applies in this case, then the 2006 letter itself is invalid pursuant to the same doctrine." Intervenors' Mem. at 30. Under the Paralyzed Veterans doctrine, an agency can issue one interpretive rule construing a legislative regulation without going through notice and comment. Paralyzed Veterans of America v. D.C. Arena L.P., 117 F.3d 579, 586 (D.C. Cir. 1977); Alaska Professional Hunters Association, Inc. v. FAA, 177 F.3d 1030, 1033-34 (D.C. Cir. 1999). The 2006 Opinion Letter was the Department's first interpretive rule construing its 2004 regulations; accordingly, under the Paralyzed Veterans doctrine (assuming it has any continued validity), notice and comment were not required before the 2006 Opinion Letter was published.

For the reasons previously set forth in defendants' papers, this case should be dismissed. Furthermore, as explained herein, the Court need not reach any of the points raised by intervenors but not implicated by any claim actually raised by plaintiff or defendants.[4]

Date: March 14, 2012

| | |
|---|---|
| STUART F. DELERY<br>Assistant Attorney General | /s/ Peter D. Leary<br>PETER D. LEARY<br>Virginia Bar No. 71196 |
| RONALD C. MACHEN, JR.<br>United States Attorney | Trial Attorney, Federal Programs Branch<br>U.S. Department of Justice, Civil Division<br>Tel: (202) 514-3313 |
| FELIX V. BAXTER<br>Director, Federal Programs Branch | Fax: (202) 616-8470<br>E-mail: peter.leary@usdoj.gov |
| JUDRY L. SUBAR<br>Assistant Director,<br>Federal Programs Branch | Mailing Address:<br>Post Office Box 883<br>Washington, D.C. 20044 |

---

[4] DOL notes that its decision to not expressly repudiate a position in intervenors' response should not be considered an implicit endorsement of any argument contained therein.