**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| MORTGAGE BANKERS | ) | |
| ASSOCIATION, | ) | |
|  | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 1:11-cv-0073 (RBW) |
|  | ) | |
| HILDA L. SOLIS, NANCY LEPPINK, and | ) | |
| UNITED STATES DEPARTMENT OF LABOR | ) | |
|  | ) | |
| Defendants. | ) | |

_____)

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants' Notice of Supplemental Authority (Dkt. 34) regarding *Lewis v. Huntington National Bank*, No. 2:11-cv-58 (S.D. Oh.), is misplaced.  In *Lewis,* the threshold issue for Judge Algenon L. Marbley of the U.S. District Court for the Southern District of Ohio was whether the Sixth Circuit had adopted the reasoning of *Paralyzed Veterans of Am. v. D.C. Arena, L.P.*, 117 F.3d 579, 586 (D.C. Cir. 1997) and *Alaska Prof'l Hunters Ass'n v. FAA*, 177 F.3d 1030, 1033-34 (D.C. Cir. 1999).  Slip Op. 26 ("Huntington contends that the Sixth Circuit adopted the reasoning of these D.C. cases in *Dismas Charities, Inc. v. U.S. Dep't. of Justice*, 401 F.3d 666, 679 (6th Cir. 2005)).  Judge Marbley determined that while "[t]he Sixth Circuit, relying on *Alaska Prof'l Hunters*, drew a distinction between an agency interpretation of a statute and a regulation . . . the Sixth Circuit drew this distinction in *dicta*."  Slip Op. 29.  Finding "the reasoning in *Dismas Charities*, articulated in *dicta*, [not] persuasive here," Judge Marbley—as described in Defendants' Notice of Supplemental Authority—rejected the *Paralyzed Veterans* doctrine.  *Id.*

*Paralyzed Veterans* and *Alaska Prof'l Hunters*, however, are clearly the controlling authority in this Circuit (and, for the reasons explained previously, are correctly decided and

necessary to ensure agencies do not circumvent the APA (Reply at 5-7; Reply to Intervenors at 13-14)).  And under that doctrine, by overturning its prior authoritative and definitive interpretation of its regulations without prior notice or opportunity for public comment, the United States Department of Labor violated the Administrative Procedure Act.[1]  In short, *Lewis* is clearly inconsistent with controlling D.C. Circuit precedent (and is wrongly decided on this issue).  Therefore, *Lewis* does not support Defendant's contentions.

Similarly, for the reasons previously stated in MBA's prior filings in this Court, *Lewis*'s determination that the AI is a permissible interpretation of the 2004 Final Rule is incorrect.  The *Lewis* decision, for example, fails to account for the fact that the preamble to the 2004 revised regulation is inconsistent with *Wilshin v. Allstate Ins. Co.*, 212 F. Supp. 2d 1360 (M.D. Ga. 2002) (Reply at 27-28), which the *Lewis* Court incorrectly stated was discussed in the AI, Slip Op. 32.  The *Lewis* decision also relies on the *Casas* case without consideration of the markedly different duties and call center environment at issue in that case. (Reply 34-35.)

Dated:  April 1, 2012                              Respectfully submitted,


                                                   _____/s/ Howard M. Radzely_____
                                                   MORGAN, LEWIS & BOCKIUS LLP
                                                   Howard M. Radzely (D.C. Bar #437957)
                                                   Michael W. Steinberg (D.C. Bar #964502)
                                                   David M. Kerr (D.C. Bar #475707)

---

[1] The *Lewis* decision also based its holding on the incorrect proposition that if it adopted the *Paralyzed Veterans* line of cases, the DOL would have had to have a notice and comment period before issuing the 2006 Administrator letter.  Slip Op. 28.  This statement, however, is plainly incorrect.  As discussed in detail in Plaintiff's Reply to Intervenors' Opposition, *Paralyzed Veterans* only applies to "definitive interpretation[s]", and the first "definitive interpretation" was the 2006 Administrator Letter.  *See generally* Reply to Intervenors at 19-20.  The 1999 opinion letter and the 2001 opinion letter (which the AI also overturned) were ***not*** "definitive interpretation[s]" because they were issued by subordinate officials, not the Wage and Hour Administrator.

1111 Pennsylvania Avenue, NW
Washington, D.C.  20004
(202) 739-5996

Sam S. Shaulson (*Pro Hac Vice*)
101 Park Avenue
New York, NY  10178
(212) 319-6718

Counsel for Plaintiff
MORTGAGE BANKERS ASSOCIATION